BENJAMIN WALLS, ADMINISTRATOR OF THE ESTATE OF MANUEL VERA, DECEASED *v.* WILLIAM PRESTON.

WHAT DETERMINES THE RELATION OF LANDLORD AND TENANT.—If the tenant, after the expiration of his lease, leaves the premises and removes his property therefrom, and notifies the landlord that he delivers him possession, and the landlord takes possession, the relation of landlord and tenant ceases; and if the tenant afterwards enters, the landlord cannot remove him under the thirteenth section of the Forcible Entry and Detainer Act.

RELATION OF LANDLORD AND TENANT.—If the tenant on the expiration of his lease delivers possession of the premises to the landlord, an intention on his part to afterwards re-enter, and a re-entry without the consent of the landlord, do not restore the relation of landlord and tenant.

APPEAL from the County Court, Solano County.

This case was before the Supreme Court at the April term, 1864, and is reported in 25 Cal. 59. A new trial took place in the Court below in July, 1864, when defendant recovered judgment, and plaintiff appealed.

On the second trial below, the Court permitted the defendant to testify that he re-entered under a pre-emption right.

The other facts are stated in the opinion of the Court.

*Whitman & Wells*, for Appellant, argued that the relation of landlord and tenant being established by the lease, defendant was estopped from denying that it still subsisted, and referred to *Frisbie* v. *Price*, 27 Cal. 253, and *Page* v. *Hobbs*, Id. 483.

*M. A. Wheaton*, for Respondent, argued that the estoppel ceased when the lease expired and the possession acquired under it had been restored to the landlord, and referred to *Jackson* v. *Whitford*, 2 Caine's, 216 ; *Anderson* v. *McLeod*, 12 John. 183 ; and *Wilde's Lessee* v. *Serpell*, 10 Gratt. (Virginia) 415.

By the Court, SHAFTER, J.

This is an action to recover the possession of certain premises, under the thirteenth section of the Act concerning forcible entries and unlawful detainers. The premises in question were leased to the defendant by the plaintiff's intestate for a term ending October 1st, 1863. The defense was put upon the ground that the respondent surrendered the possession of the premises to the plaintiff a few days after the term expired. The facts as shown by the record are substantially as follows: The defendant left the premises with his family about the 10th of October, 1863, and took with him everything that belonged to him ; and on the same day he delivered the keys of the house to the plaintiff personally at his residence, saying to him, " there are the keys of the house and I give you the pos-

session." The plaintiff replied "all right." It further appears that the house occupied by Walls was within the same general inclosure as the tract in question. In two or three days after the defendant so left the premises he entered upon and took possession of them anew.

This action is brought upon the assumption that the relation of landlord and tenant is now on foot between the parties; but we consider that the relation came to an end on the day the defendant evacuated the premises and surrendered the keys. It may be that the defendant, when he quit the possession, intended to re-enter, but as he quit in fact and within the plaintiff's knowledge, and in compliance, too, with a notice to quit which the plaintiff had previously given, and as the plaintiff was himself in possession of the premises for two or three days thereafter, the mere intention of the defendant when he left to re-enter at a future day cannot be regarded as a matter of any moment. There was no simulation about the defendant's surrender. Everything was just as it appeared to be. It was the defendant's duty to leave and he seems to have performed it. We cannot inquire into the motives by which he was governed nor as to his ulterior designs. If the right of possession is now in the plaintiff, he has, in our opinion, mistaken his remedy.

Judgment affirmed.